UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RONALD ALLEN, #143728,**

    Petitioner,

                                     **Civil No: 03-CV-70306-DT**
                                     **Honorable Gerald E. Rosen**

v.

**THOMAS PHILLIPS**,

    Respondent.

___

**<u>OPINION AND ORDER PERMITTING PETITIONER TO FILE AN AMENDED HABEAS PETITION, REINSTATING THE HABEAS PROCEEDINGS, ORDER THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE AN ANSWER</u>**

**I.  <u>Introduction</u>**

      This matter is before the Court on Petitioner, Ronald Allen's, motion to reinstate his petition for writ of habeas corpus. Petitioner also requests that he be permitted to amend his petition in order to delete an unexhausted claim and that the Court take judicial notice of the facts supporting his position. Petitioner was convicted of possession of less than twenty-five grams of cocaine, possession of marijuana, and resisting and obstructing a police officer. He was sentenced to thirty-four months to fifteen years imprisonment. Petitioner raised the following habeas claims: (1) failure to disclose evidence that was material to Petitioner's defense; (2) trial court error in the admission of evidence obtained in violation of Petitioner's Fourth Amendment rights; (3) improper *ex parte* communication between the judge and jury; and (4) improper jury instructions. Petitioner admittedly failed to exhaust his first claim in the state appellate courts; and as a result, his habeas

petition was dismissed without prejudice on May 29, 2003 with the option to re-open the case within sixty days after he exhausted his *Brady* violation claim[1]. For the reasons set forth below, the Court finds that reinstatement is proper and grants Petitioner's motion.

## II. Procedural History

On May 29, 2003, this Court dismissed Petitioner's habeas petition without prejudice and ordered that he may "reopen his Application for Writ of Habeas Corpus after he completed his state post-conviction proceedings." *(Opinion and Order Summarily Dismissing the Petition for Writ of Habeas Corpus Without Prejudice, dated 5/29/03, pg. 11).* This Court further ordered that Petitioner would have sixty days "after the issuance of a final decision by the Michigan Supreme Court to move for his current habeas petition to be reinstated to the active docket." *Id.* Petitioner immediately filed a motion for relief from judgment with the trial court which was denied.

Subsequently, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals on March 11, 2004. Petitioner then received an Order from the Michigan Court of Appeals dated March 19, 2004 indicating that his appeal was being dismissed without prejudice for failure to pay the entry fee. Realizing that he was not capable of paying any fees to pursue his appeal, Petitioner filed with this Court a "Motion to Amend to Delete Unexhausted Claim" which was dated March 31, 2004, only twelve days after receiving the order from the Michigan Court of Appeals dismissing his appeal. However, the clerk's office with this Court did not docket Petitioner's motion until September 1, 2004, more than five months later.

---

[1] *Brady v. Maryland,* 373 U.S. 83, 87(1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.")

Petitioner was unaware of the fact that his motion had not been docketed by the Court until he received a courtesy letter from the Special Assistant Attorney General on this matter, Jerrold Schrotenboer, which stated that he received Petitioner's amendment motion, but that he doubted the Court received it. Mr. Schrotenboer enclosed the docket sheet for this case to show Petitioner that his motion had not been docketed. Mr. Schrotenboer filed a response to Petitioner's amendment motion on April 21, 2004, however, the letter informing the Petitioner about the motion not being docketed was not mailed until August 2, 2004. Petitioner sent at least three letters to the Court regarding the whereabouts of his amendment motion. These letters are also not docketed, but are attached to Petitioner's reinstatement motion. Ultimately on September 1, 2004, over five months after Petitioner sent it to the Court and four months after Mr. Schrotenboer filed his response to the motion, Petitioner's amendment motion was docketed.

On September 27, 2005, the Court denied Petitioner's amendment motion stating that the case is technically still closed and in order for the Court to consider Petitioner's motion, he would need to file a motion to re-open his case within fourteen days from the date of the order "which would be a necessary pre-requisite to consideration of his request for leave to amend his habeas petition." *(Order Denying Motion to Amend Petition for Writ of Habeas Corpus Without Prejudice, dated 9/27/05, pg. 2).* Within the ordered time period, Petitioner filed this reinstatement motion on October 11, 2005.

## III. Discussion

### A. Exhaustion

Ordinarily, state prisoners must first exhaust their available state court remedies before seeking habeas relief by fairly presenting all of their claims to the state courts. 28 U.S.C. §

3

2254(b)(c); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.1995) (per curiam ); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994). The petitioner bears the burden of proving he has exhausted those remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

### B. Deletion of Unexhausted Claim

A habeas petitioner has a right to amend his mixed petition containing exhausted and unexhausted claims to delete his unexhausted claims, as an alternative to the petition being dismissed. *James v. Giles,* 221 F.3d 1074, 1077 (9th Cir.2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir.1999). Outright dismissal of a mixed petition would be error without affording petitioner the opportunity to amend the petition by striking any unexhausted claims as an alternative to dismissal. *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir.2000).

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir.1999); citing to Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir.1998).

In this case, Petitioner has demonstrated timely diligence in pursuing his habeas claim and has shown compliance with this Court's orders. There is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on Petitioner's part in bringing the motion to amend or prejudice to Respondent if the motion is granted. See *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir.1994). Additionally, because Petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D.Va.1999). Therefore, the Court

should allow the Petitioner in this case to delete the unexhausted *Brady* claim and to proceed with the exhausted claims as dismissal of the entire petition would unreasonably impair the Petitioner's right to obtain federal relief. See*, Rose v. Lundy,* 455 U.S. 509, 520 (1982)("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

Accordingly, the Petitioner will be permitted to delete his *Brady* claim from his original habeas petition and to file an amended habeas petition which contains only the claims that have been exhausted with the state courts.[2]

### C. Reinstatement

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. See *Woods v. Gilmore*, 26 F.Supp.2d 1093, 1095 (C.D.Ill.1998); *Parisi v. Cooper*, 961 F.Supp. 1247, 1249 (N.D.Ill.1997). Because the Petitioner has deleted his unexhausted claim from consideration, his petition is now ripe for consideration. Accordingly, the Court will order that the habeas petition be reinstated.

### D. Responsive Pleading

A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton,* 997 F. Supp. 605, 610 (D.N.J. 1998). This Court has discretion under the rules governing responses in habeas corpus cases to set

---

[2]There are no statute of limitations concerns in this case as the Court ordered in its May 29, 2003 dismissal order that Petitioner was permitted to retain the same case number and "original filing date of the current habeas petition to foreclose the possibility that Petitioner would be time barred from seeking federal habeas relief after exhausting his claims in the state courts." *(Opinion and Order Summarily Dismissing the Petition for Writ of Habeas Corpus Without Prejudice, dated 5/29/03, pg. 9).*

a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. §2243. In light of the fact that the disposition of Petitioner's habeas corpus matter has already been delayed over five months due to a mailing and/or docketing error, the Court finds that it is appropriate in this case to order the Respondent to submit a response to Petitioner's habeas petition within sixty days from the date of this order.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Petitioner's "Motion to Reinstate Petition for Writ of Habeas Corpus/Motion Showing Cause of Delay in Filing/Motion to Amend Petition for Habeas Corpus to Delete Claim #1 of Original Petition/Motion to Take Judicial Notice of Facts " **[Docket #20, filed October 11, 2005]** is **GRANTED** and **REINSTATED** to the Court's active docket.

IT IS FURTHER ORDERED that Petitioner file his amended habeas petition thirty (30) days from the date of this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and a copy of this Order on Respondent and the Attorney General by first class mail.

IT IS FURTHER ORDERED that Respondent file an answer to the amended habeas petition within sixty (60) days of the date of this Order or show cause why they are unable to comply with the Order.

                s/Gerald E. Rosen
                Gerald E. Rosen
                United States District Judge

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2006, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager