# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RONALD ALLEN,  #143728,

        Petitioner,

                                         Civil No: 03-CV-70306
                                         Honorable Gerald E. Rosen
                                         Magistrate Judge Virginia M. Morgan

v.

THOMAS PHILLIPS,

        Respondent.

_____/

## OPINION & ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

        Petitioner, Ronald Allen, is a state inmate currently incarcerated at G. Robert Cotton

Correctional Facility in Jackson, Michigan.  Petitioner was convicted after his Jackson

County Circuit Court jury trial, of possession of less than twenty-five grams of cocaine,

Mich. Comp. Laws §333.7403(2)(a)(v); possession of marijuana, Mich. Comp. Laws

§333.7403(2)(d); and resisting and obstructing a police officer, Mich. Comp. Laws

§750.479.  He was sentenced as a fourth habitual offender, Mich. Comp. Laws §769.12,

to two years ten months to fifteen years' imprisonment.

        Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C.

§2254.  For the reasons that follow, the Court will deny  the petition.

## I. BACKGROUND

        Petitioner's conviction arose from an investigatory stop and search.  While on patrol,

Officer Shane LaPorte observed Petitioner and two other men walking at 2:30 am in a

neighborhood known to be a high drug trafficking area.  Officer LaPorte noticed that one

of the gentleman was carrying a radio with the cord attached.  Because of the culture in

that neighborhood, i.e., trading instruments like radios in exchange for narcotics, Officer

LaPorte became suspicious and stopped the gentlemen.  The officer along with his partner,

Officer Keith Flores, attempted to search and secure the individuals.  The gentleman who

had the radio got away. Officer Flores was able to successfully secure one of the men,

Johnny Sharlow, by hand-cuffing him and placing him in the squad car.  Officer LaPorte

was in the process of searching Petitioner, and Petitioner was being cooperative.  However,

Petitioner suddenly became uncooperative and began to resist the search.  Officer LaPorte

noticed that Petitioner had a bulge in his cheek as if he had something in his mouth, and

Petitioner refused to discard it.   After Officer LaPorte  forced Petitioner to expel the

contents of his mouth, marijuana and cocaine were discharged.

Following Petitioner's conviction, he filed a direct appeal with the Michigan Court of

Appeals raising the following claims:

> I. The cocaine and marijuana, which police say they seized from Mr. Allen
> should have been suppressed because they were the fruits of a stop without
> a reasonable suspicion that Mr. Allen and committed a crime.

> II. Ronald Allen's conviction for resisting a police officer must be reversed
> because the prosecution failed to introduce sufficient evidence of either
> probable cause or reasonable suspicion that he was guilty of anything,
> undermining the jury's implicit findings that police were engaged in lawful
> action.

> III.  Under the facts of this case, the court clearly erred in refusing
> defendant's requested instructions on use of marijuana and use of cocaine.

> IV. the trial judge created error requiring reversal of defendant's convictions
> where he engaged in *ex parte* communications with the jury, who had retired
> to deliberate, by personally delivering the jury instructions, trial exhibits, and
> the verdict form, over defendant's timely objection.

2

The Michigan Court of Appeals affirmed the decision of the trial court.  *People v. Allen,* No: 225334, 2001 WL 1545699 (Mich. Ct. App. Dec. 4, 2001).

Petitioner then sought leave from the Michigan Supreme Court raising the same issues presented before the Michigan Court of Appeals.  Relief was denied; and Petitioner's motions for remand and for an appeal bond were also denied.  *People v. Allen,* 467 Mich. 860; 651 NW2d 913(2002)(table).

Petitioner filed a petition for writ of habeas corpus on January 24, 2003 raising the following claims:

I.  Conviction obtained by the unconstitutional failure of prosecution to disclose material evidence to defense. [*Brady v. Maryland,* 373 U.S. 83 (1963)]

II.  Conviction obtained by use of evidence obtained during unconstitutional stop and pat down search.

III.  The judge engaged in *ex parte* communication with [the] jury.

IV.  Judge refuse[d] to give instruction on [cocaine and marijuana use].

On February 16, 2003, Respondent filed a motion to dismiss arguing that Petitioner failed to exhaust his *Brady v. Maryland* habeas claim in state court.  On May 29, 2003, the Court granted Respondent's motion and dismissed the habeas petition without prejudice. Petitioner filed a motion with this Court, on March 31,  2004, requesting that his unexhausted claim be deleted from his original habeas petition because he did not have the funds necessary to pursue the exhaustion of his *Brady* claim.  The Court denied Petitioner's motion without prejudice, on September 27, 2005,  and required that Petitioner file a motion to reinstate the case before any further action could be taken.  On October 11, 2005, Petitioner filed his motion to reinstate the habeas petition. The Court granted

3

Petitioner's motion, on September 29, 2006, and allowed Petitioner to reinstate his habeas petition and to amend it to exclude his *Brady* claim.  On January 22, 2007, Petitioner's amended habeas petition, asserting issues II - IV only, was docketed.  Respondent filed the required responses to the amended habeas petition[1].

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel.  *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

---

[1]Since the filing of Petitioner's original habeas petition on January 24, 2003, Petitioner has been paroled and convicted in a new Jackson County case of third-degree fleeing and eluding a police officer, Mich. Comp. Laws §257.602a(3), and was sentenced as a fourth habitual offender, Mich. Comp. Laws §769.12, to four to twenty years' imprisonment.

28 U.S.C. §2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis,* 144 F.3d 429, 433 (6th  Cir. 1998).  Mere error by the state court will not justify issuance of the writ; the state court's application of  federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)).   Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court explained the proper application of the "contrary to" clause:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases  . . .

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The *Williams* Court held a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court

decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.*

at 409. The Court explained:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v.*

*Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir.

2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

## III. DISCUSSION

### A. Illegal Investigatory Stop and Search
### (Fourth Amendment Violation)

Petitioner asserts that Officers LaPorte and Flores did not have probable cause to

stop him and his associates on the street and subject them to a search of their person.

Therefore, Petitioner argues that any evidence obtained as a result of the search should

have been suppressed.

After defense counsel filed a suppression motion as a result of the alleged illegal

investigatory stop and search, the trial court conducted an evidentiary hearing on the issue.

It concluded that Officers LaPorte and Flores had probable cause to stop Petitioner and his

friends and to conduct a search. The Michigan Court of Appeals likewise concluded

6

that Petitioner's "motion to suppress was properly denied because the investigatory stop of [Petitioner] was lawful."  *Allen,* No: 225334 at *2.

The Supreme Court has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone v. Powell*, 428 U.S. 465, 482 (1976). For a "full and fair" opportunity to have existed, "the state must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim in this case must not have been frustrated by a failure of that mechanism." *Gilbert v. Parke*, 763 F.2d 821, 823 (1985) (citing *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982)).

The state not only provided such a mechanism, Petitioner also, in fact, availed himself of the state mechanism for raising his Fourth Amendment claim. The state trial court conducted an evidentiary hearing in this case and concluded that the officers had probable cause to conduct the investigatory stop and search.  The Michigan Court of Appeals subsequently adjudicated Petitioner's claim on the merits and concluded that the trial court did not err in denying Petitioner's motion to suppress the disputed evidence. The Michigan Supreme Court also had an opportunity to review Petitioner's claim.  Petitioner had a full and fair opportunity for presentation of his claim in state court. Accordingly, his Fourth Amendment claim is not cognizable on habeas review, and the Court will deny Petitioner's habeas petition with respect to this claim

### B.  Trial Judge's *Ex Parte* Communication with the Jury

7

Petitioner claims that the trial judge improperly engaged in *ex parte* communications with the jury which entitles him to a new trial.  Specifically, Petitioner asserts that the trial judge's actions in personally transporting the jury instructions, exhibits and the verdict form to the jury after the instructions had already been read and before deliberations began constituted an improper *ex parte* and substantive communication with the jury.  The Michigan Court of Appeals disagreed and stated as follows:

> Substantive communications are those that include instructions regarding matters of law while the jury is deliberating.
>
> \*   \*   \*
>
> The jury, in this case had not yet begun deliberations.  In fact, the trial judge had specifically instructed jurors to return to the jury room and refrain from discussing the case until they were instructed to do so.  The record reflects nothing other than the fact that the trial judge delivered the instructions, exhibits, and verdict form to the jury before they began deliberations.  Defendant has alleged and demonstrated no other form of communication than the physical delivery of these items.  Therefore, there is no basis to conclude that the communication was substantive.
>
> \*   \*   \*
>
> The jury instructions had already been read to the jury, the jury had not started the deliberations, and there was no evidence that anything else transpired besides the physical act of taking these items to the jury in the jury room.  Thus, we conclude that defendant is not entitled to relief.

*Allen,* No: 225334 at \*4 -\*5.

"'The mere occurrence of an *ex parte* conversation between a trial judge and a juror does not constitute a deprivation of any constitutional right. The defense has no constitutional right to be present at every interaction between a judge and a juror, nor is there a constitutional right to have a court reporter transcribe every such communication.'" *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (quoting *Rushen v. Spain*, 464 U.S. 114, 125-26 (1983) (Stevens, J., concurring in the judgment)). Thus, to be entitled to relief, a petitioner must show that the *ex parte* communication resulted

in prejudice which deprived him of a fair trial. *See Young v. Herring*, 938 F.2d 543, 557

(5th Cir. 1991) (discussing *Gagnon*, 470 U.S. at 526).

Here, Petitioner's claim fails as a factual matter.  Petitioner has offered no

evidence demonstrating that the trial court engaged in any substantive communication

with the jurors.  Moreover, Petitioner has not shown that he was prejudiced or denied a

fair trial as a result of the trial judge's alleged *ex parte* communications as Petitioner has

failed to establish that any *ex parte* contact *actually* occurred.  Accordingly, the Court

concludes that Petitioner is not entitled to habeas relief on this claim.  This Court finds

that the Michigan Court of Appeals' holding was not contrary to or an unreasonable

application of Supreme Court precedent

## C.  Failure to Properly Instruct the Jury Regarding Cocaine & Marijuana Use

Petitioner claims that the "trial court should have instructed the jury on use of

marijuana and use of cocaine" as a lesser included offense.  *Allen,* No: 225334 at *2.

The Michigan Court of Appeals rejected petitioner's argument and held as follows:

> A court must instruct concerning a lesser included misdemeanor where (1)
> the defendant makes a proper request; (2) there is an inherent relationship
> between the greater and lesser offense; (3) the jury rationally could find
> the defendant innocent of the greater and guilty of the lesser offense; (4)
> the defendant has adequate notice; and (5) no undue confusion or other
> injustice would result. [*People v. Rollins,*  207 Mich. App. 465, 468-469;
> 525 NW2d 484 (1994).]

> Here, we find that defendant did make a proper request for the instructions
> on use.  However, we conclude that defendant cannot satisfy the second
> requirement  because there is no inherent relationship between
> possession of marijuana or possession of cocaine and use of marijuana or
> use of cocaine.

> \*   \*   \*

> Furthermore, even if we were to conclude that defendant could

9

> demonstrate an inherent relationship, we cannot conclude that the jury
> could have found defendant guilty of use of marijuana and cocaine . . .
> Furthermore,  defendant himself did not testify that he was using
> marijuana or cocaine; instead, he testified that he did not know why the
> police stopped him and that he did not have marijuana or cocaine in his
> mouth or anywhere else on his person.  Thus, denial of these jury
> instructions was proper.

*Allen,* No: 225334 at *3.

The United States Supreme Court has not decided whether due process requires

the giving of jury instructions on lesser-included offenses in non-capital cases. *See*

*Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980). Consequently, the United States

Court of Appeals for the Sixth Circuit has concluded that "the Constitution does not

require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*,

260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th

Cir. 1990) (*en banc*)). "[F]ailure to instruct on a lesser included offense in a noncapital

case is not 'such a fundamental defect as inherently results in a miscarriage of justice or

an omission inconsistent with the rudimentary demands of fair procedure.'" *Scott v. Elo*,

302 F.3d 598, 606 (6th Cir. 2002) (quoting *Bagby*, 894 F.2d at 797).  Accordingly

habeas relief is not warranted on this issue.

## IV.  CONCLUSION

10

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 13, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on   May 13, 2009    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:              Jerrold E. Schrotenboer                                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
             Ronald Allen, #143728, G. Robert Cotton Correctional Facility; 3500 N. Elm Road, Jackson, MI 49201                                           .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137

11